# Exhibit I

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

MEMORANDUM FOR:   Directors, Field Operations
                  Director, Preclearance Operations
                  Office of Field Operations

FROM:             Acting Executive Director
                  Admissibility and Passenger Programs

SUBJECT:          Processing Expedited Removal Cases

U.S. Customs and Border Protection (CBP) is continually scrutinized for its processing of inadmissible aliens under Section 235(b)(1) of the Immigration and Nationality Act (INA), commonly referred to as Expedited Removal (ER). As stated on March 31, 1997 by the Deputy Commissioner of the Immigration and Naturalization Service in implementing ER:

> The expedited removal provisions present a tremendous challenge and responsibility…Every officer must adhere strictly to required procedures to ensure that the rights of aliens are protected, particularly those who express a fear of persecution, at the same time ensuring that aliens who clearly seek to violate the immigration laws are quickly removed from the United States in a professional, fair, and objective manner…."

This memorandum and muster is to serve as a reminder to CBP officers, supervisors, and managers processing, reviewing, and approving ER cases. This reminder includes the following items:



The incorrect and incomplete processing of ER cases reflects upon the professionalism of CBP officers, supervisors and managers; and creates a perception to the public of the lack of sensitivity of CBP officers.

Please ensure that this memorandum and muster are disseminated to all ports of entry within your jurisdiction. Should you have any questions or require additional information, please contact ▇▇▇▇▇▇▇▇▇▇▇▇ Enforcement Programs Division (EPD) at ▇▇▇▇▇.

Attachment

For Official Use Only
Law Enforcement Sensitive

## Muster

**Week of:** Immediate
**Topic:** Processing Expedited Removal Cases
**References:** Section 235(b)(1) of the INA; 8 CFR 235.3(b)
**Headquarters POC:** ▮
**Office:** Admissibility and Passenger Programs

Section 302 of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), amended Section 235(b) of the Immigration and Nationality Act (INA) to authorize the Attorney General (now the Secretary of the Department of Homeland Security (DHS)) to remove, without a hearing before an immigration judge, aliens arriving in the United States who are inadmissible under Section 212(a)(6)(C) or 212(a)(7) of the INA.

Under this expedited removal provision, aliens who indicate an intention to apply for asylum or who assert a fear of persecution or torture are referred to an asylum officer for a credible fear interview.

When processing cases under Section 235(b) of the INA, it is mandatory to process the case using the required forms and to document the case correctly. The correct forms specific to ER cases include:

1. I-867A – Sworn Statement
2. I-867B – Jurat for the Sworn Statement
3. I-860 – Order of Expedited Removal
4. I-296 – Removal Order and Verification of Departure
5. M-444 – Information Regarding a Credible Fear Interview (if the alien expresses a fear of return)

**Fear of persecution or torture** – if the alien indicates in any manner or at any time during the inspection process, that he or she has a fear of persecution, that he or she has a fear of return to where they came, or that he or she has suffered or may suffer torture; you are **required** to refer the alien to an asylum officer for a credible fear determination.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- The sworn statement (both I-867A and I-867B (Jurat)) must be taken in a language the alien understands.
    o If the alien does not understand a language the officer is speaking, an interpreter must be obtained.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Produced in Al Otro Lado v. Duke, 2:11-cv-5111
Case 2:17-cv-01891-RDM Document 10-9 Filed 06/12/18 Page 4 of 5 Page ID #:2084

Weekly Muster
Processing Expedited Removal Cases
Page 2

[REDACTED]

- Any comments of concern made by the alien must be recorded in the sworn statement, including any indications made by the alien **prior to the secondary interview**.
- Any alien who exhibits any non-verbal cues – such as crying, hysteria, trembling, unusual behavior, incoherent or difficult speech patterns, or even silence – that may alert the officer/supervisors to possible fear of harm must be referred.

[REDACTED]

- CBPOs/Supervisors must recognize that simply coming to the Port of Entry could mean that they are asserting a fear claim.
  o It is CBP's responsibility to clearly determine what the purpose is for that arrival and take the appropriate action.
  o CBPOs/Supervisors must recognize that language barriers may present a problem and services of a translator may be required.
- Do not ask detailed questions about the nature of the alien's fear of persecution or torture; leave that for the asylum officer.
  o In determining whether to refer the alien, CBPOs/Supervisors should not make eligibility determinations or weigh the strength of the claims, nor should they make credibility

[REDACTED]

  o **Do not** make any evaluation as to the merits of such fear; that is the responsibility of the asylum officer.

[REDACTED]

- Officers/supervisors **should not** make a determination on whether the harm feared is on account of the alien's race, religion, nationality, membership in a particular social group or political opinion. Asylum law and particularly the definition of a "social group" are evolving.

[REDACTED]

- When an individual or group expresses fear, it is against CBP and DHS policy to:
  o Improperly encourage the alien(s) to withdraw their application for admission

For Official Use Only
Law Enforcement Sensitive

CBPALORT000097

Weekly Muster
Processing Expedited Removal Cases
Page 3

- o Fail to refer such the alien(s) for an interview by an Asylum Officer for a credible fear determination
- o Incorrectly remove or send back (deny admission/referral) the alien(s) to a country where he/she/they may be persecuted and/or back to the country in which they came from, i.e., Mexico.
- o Detain the alien(s) improperly or in inappropriate conditions

- o Under 8 CFR 235.3(b)(4)(ii), aliens referred for credible fear interviews are subject to mandatory detention unless:
  - There is a medical emergency for the alien; or,
  - There is a legitimate law enforcement objective.
- o CBP must refer to ICE/ERO to detain all aliens referred for credible fear interviews.

If the alien answers affirmatively to one of the protection-related questions or requests asylum, and later changes the answer or asks to be sent home, the officer/supervisor must consult with the local USCIS Asylum office that has jurisdiction over the port of entry, to obtain guidance and fully document the results in the I-213.

Aliens who indicate an intention to apply for asylum or a fear of persecution or torture may not be ordered removed until an asylum officer has interviewed the alien to determine whether the alien has a credible fear of persecution or torture and warrants a full asylum hearing before an immigration judge.

It is CBP's responsibility to protect an alien(s)'s identity and not reveal or announce to any other foreign national or foreign government official that the alien(s) have sought refuge in the United States by requesting asylum or asserting a claim of fear of persecution or torture in returning to their country of origin.