UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL<br>1331 G Street, NW, Suite 300<br>Washington, D.C. 20005,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, D.C. 20528-0485<br><br>    and<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>Office of the Chief Counsel<br>1300 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20229,<br><br>    Defendants. | Civil Action No. 18-1390 (RDM) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, the U.S. Department of Homeland Security (DHS) and U.S. Customs and Border Protection (CBP), answer the First Amended Complaint of Plaintiff American Immigration Council (AIC) as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the numbered paragraphs of the Complaint, defendants admit, deny, or otherwise aver as follows:

INTRODUCTION

1. This paragraph consists of plaintiff's characterization of this action, to which no response is required.

2. This paragraph consists of plaintiff's characterization of this action, to which no response is required.

3. Defendants admit that they identified 47 responsive documents, and that they produced 16 documents that contained redactions, and that the response and the accompanying documents are the best evidence of their contents. Defendants admit that AIC filed an appeal on May 1, 2018, and that CBP has not produced additional records.

JURISDICTION AND VENUE

4. This paragraph contains plaintiff's allegation concerning jurisdiction, to which no response is required.

5. This paragraph contains plaintiff's allegation concerning venue, to which no response is required.

6. The allegations in this paragraph are legal conclusions, to which no response is required.

THE PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph.

10. Admit. .

11. The allegations in this paragraph are legal conclusions, to which no response is required.

12. Admit that Defendants have possession and control of certain records requested by AIC.

13. Admit.

14. The allegations in this paragraph are legal conclusions, to which no response is required.

15. Defendants admit that CBP's duties include inspecting certain individuals seeking admission to the United States.

16. The allegations in this paragraph are legal conclusions, to which no response is required.

17. Admit that Defendants have possession and control of certain records requested by AIC.

## FACTUAL BACKGROUND

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

22. First sentence: Deny. Second sentence: This sentence states AIC's intent in making its Freedom of Information Act ("FOIA") request, to which no response is required.

23. This paragraph consists of plaintiff's characterization of this action, to which no response is required.

24. Admit that by correspondence dated December 23, 2016 plaintiff submitted a FOIA request to CBP, and that the request is the best evidence of its contents. Admit that CBP granted plaintiff a waiver of fees on August 21, 2017.

25. Admit that CBP acknowledged receipt of a FOIA request on January 3, 2017, and that the letter is the best evidence of its contents.

26. Admit that AIC sent its FOIA request to CBP via email and regular mail, and that CBP assigned a separate file number to each request and that both requests are identical.

27. Admit that by letter dated January 3, 2017, CBP communicated with plaintiff, and that the letter is the best evidence of its contents.

28. Admit that by letter dated January 3, 2017, CBP communicated with plaintiff, and that the letter is the best evidence of its contents. The remainder of the allegations in this paragraph are legal conclusions, to which no response is required.

29. Admit that AIC filed an appeal on or about October 25, 2017, and that the appeal is the best evidence of its contents.

30. Admit that on or about November 28, 2017, CBP sent correspondence to AIC regarding the appeal, and that the correspondence is the best evidence of its contents.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. Admit that CBP sent correspondence regarding final disposition of the FOIA request to AIC on or about February 22, 2018, and that the correspondence is the best evidence of its contents.

34. First sentence: the allegations contained in this sentence constitute conclusions of law, to which no response is required. Second sentence: defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in this sentence.

35. Admit that CBP produced the attached documents as part of a discovery response in Al Otro Lado v. Nielsen. The remainder of the paragraph constitutes a conclusion of law, to which no response is required.

36. First sentence: admit. Second sentence: admit that AIC filed a FOIA request, and that the request is the best evidence of its contents. Third sentence: the allegations contained in the third sentence constitute conclusions of law, to which no response is required.

37. First sentence: This sentence constitutes argument by AIC, to which no response is required. Second sentence: This sentence consists of conclusions of law, to which no response is required.

38. Admit that AIC filed an administrative appeal on or about May 1, 2018, and that the appeal is the best evidence of its contents.

39. Admit that CBP confirmed via email receipt of the appeal on May 1, 2018, and that the email is the best evidence of its contents.

40. First sentence: the allegations in the first sentence constitute conclusions of law, to which no response is required. Second sentence: defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence. Third sentence: admit. Fourth sentence: the allegations in this sentence constitute conclusions of law, to which no response is required.

41. First sentence: the allegations in this sentence constitute a conclusion of law, to which no response is required. Remainder of paragraph: defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the paragraph.

## FIRST CAUSE OF ACTION

42. Defendant re-answers paragraphs 1-39 as if fully stated herein.

43. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

44. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

45. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

46. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## SECOND CAUSE OF ACTION

47. Defendant re-answers paragraphs 1-44 as if fully stated herein.

48. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

49. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

50. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## PRAYER FOR RELIEF

The allegations contained in the remainder of the First Amended Complaint constitute a

prayer for relief, to which no response is required. But insomuch as a response is deemed required, defendants deny that plaintiff is entitled to the requested relief, or any relief at all.

Each allegation not expressly admitted or denied is denied.

                        Respectfully submitted,

                        JESSIE K. LIU,
                        D.C. BAR # 472845
                        United States Attorney
                        for the District of Columbia

                        DANIEL F. VAN HORN
                        D.C. BAR # 924092
                        Chief, Civil Division

                        */s/ Marina Utgoff Braswell*
                        MARINA UTGOFF BRASWELL
                        D.C. Bar # 416587
                        Assistant United States Attorney
                        United States Attorney's Office
                        555 4th Street, N.W. – Civil Division
                        Washington, D.C. 20530
                        (202) 252-2561
                        Marina.Braswell@usdoj.gov